IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ETHEL COUTURIE,

    PLAINTIFF,

v.                        CASE NO.:

BAPTIST HOSPITAL, INC.,

    DEFENDANT.
_____/

## COMPLAINT

Plaintiff, Ethel Couturie, (hereinafter referred to as the "Plaintiff" or "Couturie"), by and through the undersigned counsel, sues the Defendant, Baptist Hospital, Inc. (hereinafter referred to as the "Defendant" or "Baptist"), and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action for discrimination and interference in violation of her federally protected rights under the Family Medical Leave Act, 29 U.S.C.S. §§ 2601; 2611-2654; and Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203.

### JURISDICTION AND VENUE

2. The jurisdiction of the Court over this controversy is invoked pursuant to 29 U.S.C. § 2617(a)(2) and 42 U.S.C. §§ 12111-12117, 12203.

3. Defendant is considered an employer within the terms and conditions of the 29 USC §§ 2611 et seq. ("FMLA"), as Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than fifty (50) employees for each working day during each of twenty (20) or more calendar weeks in each calendar year relevant hereto within a seventy-five (75) mile radius of Plaintiff's Pensacola, Florida worksite.

4. Plaintiff worked for Defendant from January 2005 until December 4, 2020. Plaintiff is considered an "eligible employee" for purposes of the FMLA as she has been employed: (1) for at least twelve (12) months by Defendant, and (2) for at least 1,250 hours of service with Defendant in the previous 12-month period.

5. The FMLA does not contain an exhaustion requirement and Plaintiff is not required to exhaust administrative remedies before bringing suit.

6. This action lies in the Northern District of Florida, Pensacola Division, because the action arose in this judicial district.

7. Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. On May 11, 2021, Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 2021-29458) and the United States Equal Employment Opportunity Commission

("EEOC" No.: 15D-2021-00553). On November 1, 2021, the FCHR issued a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested her ninety (90) day Notice of Right to Sue letter from the EEOC, which was received on May 5, 2022.

## PARTIES

8. Plaintiff a citizen of the State of Florida who resides in Escambia County, Pensacola, Florida.

9. Defendant, Baptist Hospital, Inc., is a private for-profit business is licensed to do and does business in the state of Florida, Escambia County, Pensacola, Florida.

## FACTS

10. Plaintiff is a 67-year-old Caucasian female.

11. Plaintiff was employed by Defendant from January of 2005, until her termination on December 4, 2020.

12. Plaintiff worked in the Defendant's pharmacy operation as a pharmacy tech and accounting clerk.

13. Plaintiff was a Registered Pharmacy Tech with the State of Florida.

14. Plaintiff suffers from suppressed immune system, lung and breast cancer, diabetes and arthritis.

15. One of Plaintiff's job's was to assist with the accounting function of

the pharmacy at Defendant's Medical Park on 9 Mile Road.

16. In early March 2020, Plaintiff was moved to Defendant's pharmacy location in the Medical Towers where her she assisted the pharmacist and performed other pharmacy technician duties as needed.

17. On March 17, 2020, Plaintiff requested time off under the Family and Medical Leave Act on the grounds that she had a compromised immune system that prevented her from being in public during COVID-19.

18. Plaintiff submitted a supporting FMLA Certification of Health Care Provider dated March 19, 2020, stating that Plaintiff would be out from about March 18, 2020, until May 18, 2020.

19. Prior to Plaintiff going out on FMLA leave, her supervisor, Dale Duce, expressed his displeasure with her leave.

20. After Plaintiff's FMLA leave ended, she reached out to her supervisor about returning to one of her prior positions, but did not receive a response.

21. Defendant's Director of Human Resources Operations, Rebecca Griener, informed Plaintiff that her job had been eliminated and that the pharmacy technician position she previously held would no longer be available.

22. Plaintiff tried to have a discussion with Mr. Dale Duce and Ms. Anna Kisor about which position was eliminated, if any.

23. Mr. Duce and Ms. Kisor would not discuss anything with Plaintiff and

to each of her questions, she received no response.

24. Mr. Duce told Ms. Griener, that Plaintiff was no longer a good fit for Baptist.

25. Plaintiff applied for jobs that she was more than qualified for, just to be told they hired someone else.

26. Defendant terminated Plaintiff's employment on December 4, 2020, for failure to return to work.

## FIRST CAUSE OF ACTION
### *DISABILITY DISCRIMINATION*
### *AMERICANS WITH DISABILITIES ACT, (ADA)*

27. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 2 and 6 through 26 of this complaint with the same force and effect as if set forth herein.

28. The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

29. At all times material hereto, Plaintiff was an employee of Defendant and Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), as the Defendant employed more than 15 employees.

30. As such, Defendant is prohibited from discriminating against any qualified individual with a disability.

31. Plaintiff is, and was at all time pertinent hereto, a qualified individual with a disability.

32. Plaintiff suffers from suppressed immune system, lung and breast cancer, diabetes and arthritis.

33. Plaintiff suppressed immune system, lung and breast cancer, diabetes and arthritis, significantly limited her ability to lead a normal life, and sustain a sense of well-being.

34. Plaintiff's suppressed immune system, lung and breast cancer, diabetes and arthritis and interfere with day-to-day functioning.

35. Plaintiff's suppressed immune system, lung and breast cancer, diabetes and arthritis are impairments and disabilities within the meaning of the ADA as it substantially limits Plaintiff's ability to perform major life activities as compared to most people in the general population.

36. Plaintiff's suppressed immune system, lung and breast cancer, diabetes and arthritis substantially limited her ability to perform the major life function of speaking, breathing, learning, and reading, concentrating, thinking, communicating, and working.

37. Upon learning of Plaintiff's suppressed immune system, lung and

breast cancer, diabetes and arthritis and requested accommodations, Defendant was under an obligation to engage in a good faith interactive process with Plaintiff to determine the reasonableness of her requested accommodation.

38. Defendant failed to engage in a good faith dialogue with Plaintiff in an attempt to "identify the precise limitations" caused by Plaintiff's migraines nor did Defendant "explore potential accommodations" to overcome those limitations.

39. Defendant's termination and disqualification of Plaintiff's employment on December 4, 2020, on the basis of her disability and Defendant's failure to make a good faith individual assessment to determine whether Plaintiff could be employed or whether a reasonable accommodations would enable her to be employed by Defendant, violated the ADA.

40. Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to her termination, is entirely *pretextual* for Defendant's retaliation and discrimination against her for engaging in a protective activity and for any actual or perceived disability.

41. The adverse personnel action, the termination of Plaintiff's employment, clearly violated her statutory protected rights and constituted a prohibited employment practice, contrary to the public policy of the under the Americans with Disabilities Act, (ADA).

42. As a result of the Defendant's violations of the ADA, Plaintiff has

been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon mental, psychological and emotional distress, and anxiety from difficult economic circumstances, resulting from his unlawful discharge.

## SECOND CAUSE OF ACTION
*DISABILITY RETALIATION*
*AMERICANS WITH DISABILITIES ACT, (ADA)*

43. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 2 and 6 through 26 of this complaint with the same force and effect as if set forth herein.

44. The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from retaliating against qualified individuals for objecting to discriminatory acts or for requesting an accommodation.

45. Defendant terminated and disqualified Plaintiff from her employment in retaliation for questioning and objecting to Defendant's failure to discuss her accommodation requests and for requesting an accommodation.

46. Defendant acknowledged and regarded Plaintiff as disabled (perceived or otherwise) and as having an impairment.

47. When Plaintiff provided Defendant with sufficient information regarding her suppressed immune system, lung and breast cancer, diabetes and arthritis and requested a reasonable, good faith accommodation, Plaintiff's requests

became and were considered a statutorily protected activity under the ADA.

48. Plaintiff questioned and objected to Defendant's failure to reasonably discuss her accommodation requests.

49. Defendant's December 4, 2020, termination and disqualification of Plaintiff's employment was in retaliation for her seeking a good faith accommodation, her objecting to Defendant's discriminatory practices regarding her disability and requested accommodation, constituted a statutory protected activity and a prohibited employment practice, contrary to the public policy of and in violation of the ADA.

50. Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to her termination, is entirely *pretextual* for Defendant's retaliation against her for engaging in the statutory protective activity of requesting a reasonable accommodation.

### *THIRD CAUSE OF ACTION*
(FMLA RETALIATION)

51. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 3 through 5 and 8 through 26 of this complaint with the same force and effect as if set forth herein.

52. It shall be unlawful for any employer to retaliate against an employee for exercising or attempting to exercise, any right provided under the Family Medical Leave Act, ("FMLA") 29 U.S.C.S. §§ 2601; 2611-2654.

53. The Family Medical Leave Act, 29 U.S.C.S. §§ 2601; 2611-2654, prohibits employers from retaliating against individuals for exercising their rights under the FMLA.

54. Plaintiff was an employee entitled to a benefit under the FMLA and Defendant retaliated against her for exercising her rights under the FMLA.

55. Defendant's December 4, 2020, termination and disqualification of Plaintiff's employment was in retaliation for her seeking reinstatement and/or other employment with Defendant after her FMLA leave ended, which constituted a statutory protected activity and a prohibited employment practice, contrary to the public policy of and in violation of the FMLA.

56. Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to her termination, is entirely *pretextual* for Defendant's retaliation against her for engaging in the statutory protective activity of requesting a reasonable accommodation.

### *FOURTH CAUSE OF ACTION*
(FMLA INTERFERENCE)

57. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 3 through 5 and 8 through 26 of this complaint with the same force and effect as if set forth herein.

58. "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this

subchapter." 29 U.S.C. § 2615(a)(1).

59. Plaintiff was an employee entitled to a benefit under the FMLA and Defendant denied her that benefit.

60. Defendant did not reinstate Plaintiff into her prior position(s) upon her return from FMLA leave.

61. Defendant terminated Plaintiff for not returning to work.

*62.* Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

63. Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

    a) Declaring the acts and practices complained of herein are violation of the FMLA and ADA;

    b) Enjoining and permanently restraining those violations of the FMLA and ADA;

    c) Directing the Defendant to take such affirmative action as is

necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

      d)      Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to the ADA and/or FMLA;

      e)      Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to the FMLA and ADA;

      f)      Awarding compensatory damages in the amount of the above-requested award, pursuant to the ADA;

      g)      Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to the ADA and FMLA;

      h)      Awarding liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(iii);

      i)      Awarding Plaintiff attorney's fees, expert witness fees, and costs of this action, pursuant to the ADA, FMLA and Fed. R. Civ. P. 54 and such other relief as this Court may deem just and proper;

  j)  Granting such other and further relief, equitable or otherwise, as the Court deems just and proper in the premises.

DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: August 1, 2022.  By: */s/ Clayton M. Connors*
              CLAYTON M. CONNORS
              Florida Bar No.: 0095553
              Email: cmc@westconlaw.com
              **THE LAW OFFICES OF**
              **CLAYTON M. CONNORS, PLLC.**
              4400 Bayou Blvd., Suite 32A
              Pensacola, Florida 32503
              Tel: (850) 473-0401
              Fax: (850) 473-1388
              Attorney for Plaintiff